UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BELARUSSIAN SHIPPING CO.,

       Plaintiff,

- against -

WAJILAM EXPORTS (SINGAPORE)
PRIVATE LIMITED a.k.a. WAJILAM
EXPORTS PTE. LTD.,

       Defendant.
-----------------------------------------------------------X

07 CV _____
ECF CASE



## VERIFIED COMPLAINT

Plaintiff, BELARUSSIAN SHIPPING CO. (hereafter referred to as "BSC" or "Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, WAJILAM EXPORTS (SINGAPORE) PRIVATE LIMITED a.k.a. WAJILAM EXPORTS PTE. LTD. (hereafter referred to as "Wajilam") alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law.

3.    At all material times, Plaintiff was, and still is, the disponent owner of the vessel "M/V ORHAN DEVAL" (hereinafter the "Vessel").

4.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business in Singapore.

5.    Further, at all material times, Defendant was the charterer of the Vessel.

6. Pursuant to a time charter party dated January 8, 2007, Plaintiff chartered the Vessel to the Defendant for one time charter trip with logs.

7. Certain disputes arose between the parties regarding the Defendant's breaches of the charter party including the wrongful redelivery of the vessel, failure to pay hire and repair costs.

8. As a result of Defendant's breach of the charter party contract, Plaintiff has sustained damages in the amount of $899,566.10 plus liability for costs in the estimated sum of $300,000 to non-parties Repinter Shipping, disponent owners, and Deval Shipping, head owners, for a total principal amount of $1,199,566.10, exclusive of interest, court costs and attorneys fees.

9. Pursuant to the charter party contract, all disputes arising thereunder are to be submitted to London Arbitration with English law to apply.

10. The Plaintiff will soon commence London Arbitration proceedings against the Defendant in accordance with the terms of the contract.

11. Despite due demand, the Defendant has failed to pay the amounts due and owing under the contract.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $1,199,566.10 |
| B. | Estimated interest on claim:<br>3 years at approximately 6.5% | $249,699.35 |
| C. | Estimated Attorneys' Fees and Costs: | $200,000.00 |
| **Total** | | **$1,649,265.40** |

13. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held

in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

14. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are due and owing to the Defendant, in the amount of **$1,649,265.40** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
April 19, 2007

The Plaintiff,
BELARUSSIAN SHIPPING COMPANY.,

By: _____
Patrick F. Lennon (PL 2162)
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-lennon.com
ttisdale@tisdale-lennon.com

## ATTORNEY'S VERIFICATION

State of New York )
                 )  ss.:  New York
County of New York )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a Partner in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   New York, New York
         April 19, 2007

                                    _____
                                    Patrick F. Lennon