Cardillo & Corbett
Attorneys for Claimant
BNP Paribas of Singapore
29 Broadway
New York, New York 10006
212-344-0464
212-797-1212 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
BELARUSSIAN SHIPPING CO.,               :

                        Plaintiff,      :

            -against-                    :

WAJILAM EXPORTS SINGAPORE               :
PRIVATE LIMITED a/k/a WAJILAM
EXPORTS PTE. LTD.,                      :

                        Defendant.      :
-------------------------------------------------------x

EFC CASE

07 Civ. 3152 (GEL)

**DECLARATION OF
FRANCIS H. McNAMARA**

Francis H. McNamara hereby declare:

1. I am associated with the law firm of Cardillo & Corbett, attorneys for

the bank BNP Paribas of Singapore ("BNP"), which claims exclusive ownership of

$410,593.56 ("the Funds") held by garnishee Wachovia Bank in New York

("Wachovia") pursuant to this Court's attachment order dated April 19, 2007 ("the

Order") directed to the property of Defendant Wajilam Exports Singapore Pte. Ltd.

("Defendant"). I make this declaration in support of BNP's motion for release of the

attached funds, because the funds are the property of BNP, not the Defendant.

2. I also offer this declaration in support of BNP's request that the Court

amend the Order so that additional wire transfers which are the property of BNP will not

be mistakenly stopped by intermediary banks in New York, and BNP's further request

that it be granted its legal costs incurred on the instant motion, as well as interest lost
on the attached funds.

      3. Copies of the verified complaint and the Order are attached hereto as
Exhibits 1 and 2, respectively.

### The Motion For Release Of The Attached Funds

      4. The declaration of Mr. Alvin Ong, an employee of BNP, together with
Its Exhibits 1-6, submitted in support of the instant motion sufficiently states the relevant
facts. Because those facts leave no doubt that the Funds belong exclusively to BNP, I
respectfully request that they be released forthwith, i.e., before determination by the
Court of the other two items of relief prayed for by BNP.

### The Motion For Amendment Of The Order

      5. A brief description of the details of electronic funds transfers ("EFTs")
and why the Funds were mistakenly stopped is necessary to show how the Order may be
easily amended to avoid additional mistaken attachments in this case.

      6. The Funds consist of the proceeds of six EFTs which were stopped at
Wachovia Bank in New York pursuant to the Order. Had the stoppages not been done
the funds would have been credited to BNP's account at Wachovia.

      7. The vast majority of EFTs are composed in either one of two formats,
*viz.*, CHIPS or SWIFT. (The first of these refers to the Clearing House Interbank
Payments System and the second to the Society For Worldwide Interbank Financial
Telecommunications.) Copies of the relevant pages from the CHIPS and SWIFT
manuals, which define and explain the respective formats, are attached hereto as,
repetively, Exhibits 3 and 4.

2

8. According to Exhibit 3, EFTs in CHIPS format are of two types, *viz.*,

type B and type N, and information in the EFT appears in specific "fields. To quote page

1of the CHIPS manual:

### Payment Message Party Fields

\* \* \* \* \* \*

The beneficiary type must be provided in the Beneficiary
Type element, and must contain one of the following values:

B = Beneficiary is a banking institution

N = Beneficiary is a non-banking institution

All further information is conveyed in the appropriate fields,
based upon the parties in the payment message

9. In a CHIPS message the beneficiary information appears in fields 420

through 422.

10. Knowing this much, one can say that an EFT in CHIPS format passing

funds to BNP as a beneficiary, would be marked "type B" and would identify BNP in one

of fields 420-422.

11. Attached hereto as Exhibit 5 are copies of three EFTs which

represent three of the attachments in issue, which were provided to declarant and the

attorney for the plaintiff several months ago by the attorney for Wachovia. All

three are marked "type B", as expected. Field 420 in all three contains a code

"UID:C064920". According to the CHIPS website, "UID" is the acronym for the

individual "Universal Identifier" assigned to each bank. The UID of BNP Paribas of

Singapore is 064920. Attached hereto as Exhibit 6 is a printout from the CHIPS website

3

showing this.   (Declarant believes that the letter "C" preceding the UID indicates "CHIPS".)  Consequently, Exhibit 5 confirms that BNP was the beneficiary of all three of the EFTs.

12.  Why Wachovia nevertheless stopped the EFTs is explained by the manner in which garnishee banks review EFTs in connection with attachment orders, coupled with the presence of the Defendant's name in the EFTs.  Briefly, upon service of the Order and the related process of maritime attachment and garnishment ("PMAG"), Wachovia entered the Defendant's name into software which searches all EFTs at Wachovia.  When the software "saw" the Defendant's name it stopped the EFTs.

13.  The Defendant's name does appear in all six EFTs.  For example, in Exhibit 5 the Defendant's name appears in field 650 which gives "bank to bank" information for reference purposes.  Wachovia's software "saw" this and stopped the EFTs.

14.  BNP did point out to Wachovia that the Funds were its property (see Exhibit 7 annexed hereto), but that did not effect release.  For its part, Wachovia maintains that disputes concerning the ownership of the funds are not its affair and will not inquire further.  Wachovia will, however, release the funds if the Plaintiffs so instructs, or, of course, if the Court orders them to.

15.  EFTs in SWIFT format (see Exhibit 4) follow essentially the same protocols as the CHIPS format.  In SWIFT format, a type 202 EFT identifies a funds transfer between financial institutions.  The name of the beneficiary financial institution is to be placed in field 58A, which is described in Exhibit 4, p. 38, as: "This field specifies the financial institution which has been designated by the ordering institution as

4

the ultimate recipient of the funds being transferred."

16.   If the three EFTs of which declarant does not yet have copies (they have been requested from Wachovia) are in SWIFT format, they will be type 202 and will show BNP's name or identifying code in field 58A, as well as the Defendant's name in a reference field.   Similarly, if these three EFts are in CHIPS format they will be type B and will show BNP's name or identifying code in field 420 and the Defendant's name in reference field 650.

17.   In light of the foregoing, the Court can see that amendment of the Order to provide that neither the Order nor any PMAG issued pursuant to it will be effective with respect to CHIPS type B and SWIFT type 202 EFTs, will avoid additional mistaken attachments of BNP's funds, without any prejudice to the Plaintiff. Garnishee banks will either not stop such transfers or, if they do, will be able to see that they should be immediately released.

The Motion For Legal Costs

18.   When the first three attachments of ETFs were made at Wachovia, the Plaintiff was given copies of transaction documents showing that the funds were the property of BNP (in two cases) and the property of another bank in Singapore in the third case, in consequence of prior negotiations of letters of credit.   After reviewing the documents, the Plaintiff properly instructed Wachovia to release the funds.

19.   At this time I also sent to Plaintiff's attorney a copy of the decision in *Prime Shipping Co. Ltd. v. Wajilam Exports (s) Pte. Ltd.,* No. 06 Civ. 1183 (JSR), 2006 WL 1539330 (S.D.N.Y., June 2006), which sets out the governing law.   The Plaintiff's

5

attorney was otherwise familiar with this case because her firm had represented the plaintiff in it.

20. However, when three further ETF attachments occurred at Wachovia, which were identical in character to the three released attachments, the Plaintiff announced that it would not release the funds, despite the fact that the Plaintiff had been given both the letter of credit negotiation documents (Ong Dec., Exhibits 1-3) and copies of the wire transfers showing that BNP was the beneficiary of the funds (Exhibit 5 hereto). These attachments of BNP's funds were followed by three others which, together, constitute the Funds.

21. Declarant has several times renewed its demand that the Plaintiff release the Funds, to no avail.

21. Because the Plaintiff would not release the Funds BNP has been unreasonably forced to make the within motion.

Pursuant to 28 USC § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on the 15th day of January, 2008.

FRANCIS H. McNAMARA

6

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
BELARUSSIAN SHIPPING CO.,                    :
                                             :        07 CV       
            Plaintiff,                       :        ECF CASE
                                             :
         - against -                         :
                                             :        JUDGE LYNCH
WAJILAM EXPORTS (SINGAPORE)                   :
PRIVATE LIMITED a.k.a. WAJILAM               :
EXPORTS PTE. LTD.,                           :        
                                             :
            Defendant.                       :
-------------------------------------------------X

### VERIFIED COMPLAINT

Plaintiff, BELARUSSIAN SHIPPING CO. (hereafter referred to as "BSC" or "Plaintiff"),

by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the

Defendant, WAJILAM EXPORTS (SINGAPORE) PRIVATE LIMITED a.k.a. WAJILAM

EXPORTS PTE. LTD. (hereafter referred to as "Wajilam") alleges, upon information and belief, as

follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign company

duly organized and operating under foreign law.

    3.    At all material times, Plaintiff was, and still is, the disponent owner of the vessel

"M/V ORHAN DEVAL" (hereinafter the "Vessel").

    4.    Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity, organized under, and existing by virtue of foreign law with a principal place

of business in Singapore.

    5.    Further, at all material times, Defendant was the charterer of the Vessel.

6.    Pursuant to a time charter party dated January 8, 2007, Plaintiff chartered the Vessel to the Defendant for one time charter trip with logs.

7.    Certain disputes arose between the parties regarding the Defendant's breaches of the charter party including the wrongful redelivery of the vessel, failure to pay hire and repair costs.

8.    As a result of Defendant's breach of the charter party contract, Plaintiff has sustained damages in the amount of $899,566.10 plus liability for costs in the estimated sum of $300,000 to non-parties Repinter Shipping, disponent owners, and Deval Shipping, head owners, for a total principal amount of $1,199,566.10, exclusive of interest, court costs and attorneys fees.

9.    Pursuant to the charter party contract, all disputes arising thereunder are to be submitted to London Arbitration with English law to apply.

10.    The Plaintiff will soon commence London Arbitration proceedings against the Defendant in accordance with the terms of the contract.

11.    Despite due demand, the Defendant has failed to pay the amounts due and owing under the contract.

12.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $1,199,566.10 |
| B. | Estimated interest on claim: 3 years at approximately 6.5% | $249,699.35 |
| C. | Estimated Attorneys' Fees and Costs: | $200,000.00 |
| **Total** | | **$1,649,265.40** |

13.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held

2

in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

14.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are due and owing to the Defendant, in the amount of **$1,649,265.40** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

3

C.    That this Court recognize and confirm any arbitration award or judgment rendered

on the claims had herein as a Judgment of this Court;

D.    That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be initiated in

the future, including any appeals thereof; and

E.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action;

and

F.    That the Plaintiff has such other, further and different relief as the Court

may deem just and proper.

Dated: New York, New York
       April 19, 2007

                                    The Plaintiff,
                                    BELARUSSIAN SHIPPING COMPANY.,


                              By: _____
                                    Patrick F. Lennon (PL 2162)
                                    Lauren C. Davies (LD 1980)
                                    Thomas L. Tisdale (TT 5263)
                                    TISDALE & LENNON, LLC
                                    11 West 42nd Street, Suite 900
                                    New York, NY 10036
                                    (212) 354-0025 – phone
                                    (212) 869-0067 – fax
                                    ldavies@tisdale-lennon.com
                                    ttisdale@tisdale-lennon.com

4

## ATTORNEY'S VERIFICATION

State of New York )
                  )   ss.:   New York
County of New York )

1.     My name is Patrick F. Lennon.

2.     I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.     I am a Partner in the firm of Tisdale & Lennon, LLC, attorneys for the

Plaintiff.

4.     I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information and

belief.

5.     The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.     The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents and/or

representatives of the Plaintiff.

7.     I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      New York, New York
            April 19, 2007

                                    _____
                                    Patrick F. Lennon

5

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BELARUSSIAN SHIPPING CO.,                    :
                                             :
            Plaintiff,                       :
                                             :
      - against -                            :
                                             :
WAJILAM EXPORTS (SINGAPORE)                  :
PRIVATE LIMITED a.k.a. WAJILAM               :
EXPORTS PTE. LTD.,                           :
                                             :
            Defendant.                       :
------------------------------------------------------X

JUDGE LYNCH

07 CV 3152

ECF CASE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/07

### EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

**WHEREAS,** on April 19, 2007 Plaintiff, BELARUSSIAN SHIPPING CO., filed a

Verified Complaint herein for damages amounting to **$1,649,265.40** inclusive of interest, costs

and reasonable attorney's fee, and praying for the issuance of Process of Maritime Attachment

and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty

and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS,** the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendants' property within the District of this Court; and

**WHEREAS,** the Court has reviewed the Verified Complaint and the Supporting

Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against

all tangible or intangible property belonging to, claimed by or being held for the Defendants by

any garnishees within this District, including but not limited to, ABN Amro, American Express

Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, JP

Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank, in an amount up to and including $1,649,265.40, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

2

**ORDERED** that a copy of this Order be attached to and served with said Process of

Maritime Attachment and Garnishment.

Dated: April 19, 2007

SO ORDERED:

_____

**U. S. D. J.**

A CERTIFIED COPY

**J. MICHAEL McMAHON,**       **CLERK**

**BY** _____

**DEPUTY CLERK**

# Exhibit 3

# PAYMENT MESSAGE PARTIES



The CHIPS payment message uses tags to facilitate easy identification of each discrete component of a funds transfer, and to provide mapping capability. Special care has been taken to design the formats so that each element can be accurately mapped to and from other networks.

**Sending Parties** are on the debit side of a payment message. Sending parties include:

- Originator (ORG)
- Originator's Bank (OGB)
- Instructing Bank (INS)

These fields are used to show the flow of a funds transfer from the originator to the CHIPS sending participant.

**Receiving Parties** are on the credit side of a payment message. Receiving parties include:

- Intermediary Bank (IBK)
- Beneficiary's Bank (BBK)
- Beneficiary (BNF)

These fields are used to show the flow of a funds transfer from the CHIPS receiving participant to the ultimate beneficiary of the payment.

(See Chapter 4, "Funds Transfer Concepts".)

## Payment Message Party Fields

To facilitate the processing of incoming CHIPS payment messages by the receiving participant, the sending participant must provide information in a structured format.

The beneficiary type must be provided in the Beneficiary Type element, and must contain one of the following values:

B = Beneficiary is a banking institution

N = Beneficiary is a non-banking institution



**PAYMENT MESSAGE PARTIES**
Payment Message Party Fields

All further information is conveyed in the appropriate fields, based upon the parties named in the payment message. Information types include:

- Intermediary Bank Information (IBK fields 400 through 402)
  - — bank between the CHIPS Receiving Participant and the Beneficiary's Bank through which the transfer must pass, if so specified by the Instructing Bank
- Beneficiary's Bank Information (BBK fields 410 through 412)
  - — bank that is to credit or pay the Beneficiary (designated in a payment message only if the beneficiary's bank is not also the receiving participant)
- Beneficiary Information (BNF fields 420 through 422)
  - — party to be credited as a result of the transfer
- Originator Information (ORG fields 500 and 502)
  - — initiator of the transfer instructions
- Originator's Bank Information (OGB fields 510 and 512)
  - — bank receiving transfer instructions from the originator and transmitting the instructions to the next party in the funds transfer (designated in a payment message only if the originator's bank is not also the sending participant)
- Instructing Bank Information (INS fields 520 and 522)
  - — bank that gives transfer instructions to the sending participant
- Originator to Beneficiary Information (OBI field 600)
  - — information to be conveyed from the originator to the beneficiary
- Bank to Bank Information (BBI fields 610 through 650)
  - — miscellaneous information pertaining to the transfer, which may include information specifying the bank(s) for which the information is intended
- Bank to Bank Receive Bank Information (field 610)
  - — information intended for the CHIPS receiving participant
- Bank to Bank Intermediary Bank Information (field 620)
  - — information intended for the intermediary bank
- Bank to Bank Intermediary Bank Advice Information (field 621)
  - — method of advice for the intermediary bank
- Bank to Bank Beneficiary's Bank Information (field 630)
  - — information intended specifically for the beneficiary's bank

- Bank to Bank Beneficiary's Bank Advice Information (field 631)
  - method of advice for the Beneficiary's Bank
- Bank to Bank Beneficiary Information (field 640)
  - information intended specifically for the beneficiary
- Bank to Bank Beneficiary Advice Information (field 641)
  - method of advice for the beneficiary
- Bank to Bank Information (field 650)
  - information that could not be placed in any other BBI field (information should preferably be placed in the specific BBI field of the party for which it is intended)

## Payment Message Rules

CHIPS applies the following rules and rejects payment messages that do not comply:

1. Only one information field for a given party may appear in a payment message.
2. The Beneficiary (BNF) must always be specified when the Beneficiary Type is N (non-banking institution).
3. The Originator (ORG) must always be specified.
4. Party information must be listed in the following order:
   - Receiving parties
   - Sending parties
   - Bank-to-bank information
   - If present, the following fields must appear in this order: IBK, BBK, BNF, ORG, OGB, INS, OBI, and BBI.
5. Whenever IBK is used, BBK and BNF must also be used.
6. Whenever BBK is used, BNF must also be used.
7. Whenever INS is used, OGB must also be used.
8. When the Beneficiary Type is B, OBI must not be used.

# Exhibit 4

# MT 202 General Financial Institution Transfer

## MT 202 Scope

This message is sent by or on behalf of the ordering institution directly, or through correspondent(s), to the financial institution of the beneficiary institution.

It is used to order the movement of funds to the beneficiary institution.

This message may also be sent to a financial institution servicing multiple accounts for the Sender to transfer funds between these accounts. In addition it can be sent to a financial institution to debit an account of the Sender serviced by the Receiver and to credit an account, owned by the Sender at an institution specified in field 57a.

## MT 202 Format Specifications

**MT 202 General Financial Institution Transfer**

| Status | Tag | Field Name | Content/Options | *No* |
|--------|-----|------------|-----------------|------|
| M | 20 | Transaction Reference Number | 16x | ❶ *1* |
| M | 21 | Related Reference | 16x | ❶ *2* |
| -----> | | | | |
| O | 13C | Time Indication | /8c/4!n1!x4!n | ❶ *3* |
| -----\| | | | | |
| M | 32A | Value Date, Currency Code, Amount | 6!n3!a15d | ❶ *4* |
| O | 52a | Ordering Institution | A or D | ❶ *5* |
| O | 53a | Sender's Correspondent | A, B or D | ❶ *6* |
| O | 54a | Receiver's Correspondent | A, B or D | ❶ *7* |
| O | 56a | Intermediary | A or D | ❶ *8* |
| O | 57a | Account With Institution | A, B or D | ❶ *9* |
| M | 58a | Beneficiary Institution | A or D | ❶ *10* |
| O | 72 | Sender to Receiver Information | 6*35x | ❶ *11* |
| M = Mandatory O = Optional | | | | |

## MT 202 Network Validated Rules

**C1**

    If field 56a is present, then field 57a must also be present (Error code(s): C81).

## MT 202 Usage Rules

- All parties to the transaction must be financial institutions. ✓
- The transfer of funds between the ordering institution and the beneficiary institution is always related to another transaction. Field 21 must refer to this transaction.
- If the Sender wishes to instruct the Receiver to debit its account serviced by the Receiver and to credit one of its several accounts at an institution specified in field 57a, field 58A must contain the number of the account to be credited and the name of the Sender.

    If the Sender wishes to instruct the Receiver that funds are to be moved between two accounts owned by the Sender and serviced by the Receiver, field 53B must specify the number of the account to be debited and field 58A the number of the account to be credited and the name of the Sender.

## MT 202 Field Specifications

### 1. Field 20: Transaction Reference Number

**FORMAT**

16x

**PRESENCE**

Mandatory

**DEFINITION**

This field specifies the reference assigned by the Sender to unambiguously identify the message.

**NETWORK VALIDATED RULES**

This field must not start or end with a slash '/' and must not contain two consecutive slashes '//' (Error code(s): T26).

### 2. Field 21: Related Reference

**FORMAT**

16x

**PRESENCE**

Mandatory

| IT | 10!n | Italian Domestic Identification Code |
| PL | 8!n | Polish National Clearing Code (KNR) |
| PT | 8!n | Portuguese National Clearing Code |
| RT | | Pay by Real Time Gross Settlement |
| RU | 9!n | Russian Central Bank Identification Code |
| SC | 6!n | UK Domestic Sort Code |
| SW | 3..5n | Swiss Clearing Code (BC code) |
| SW | 6!n | Swiss Clearing Code (SIC code) |
| ZA | 6!n | South African National Clearing Code |

## NETWORK VALIDATED RULES

The BIC must be a SWIFT registered address, either connected or non-connected (Error code(s): T27, T28, T29, T45).

The BIC must not be a BEI. Please refer to the latest version of the *BIC Directory - Corporations* for more information on BEIs. This error code applies to all types of BICs referenced in a FIN message including SWIFT BICs, non-SWIFT BICs, Masters, Synonyms, Live destinations and Test & Training destinations.(Error code(s): C05).

## USAGE RULES

When one of the codes //FW (with or without the 9-digit number), //AU, //CP, //IN or //RT is used, it should appear only once and in the first of the fields 56a, 57a and 58a of the payment instruction.

When it is necessary that an incoming SWIFT payment be made to the party in this field via Fedwire, US banks require that the code //FW appears in the optional Party Identifier.

When it is necessary that an incoming SWIFT payment be made to the party in this field via real-time gross settlement (RTGS), the code //RT should appear in the optional Party Identifier.

The code //RT is binding for the Receiver. If it is used with option A, it must not be followed by any other information. If it is used with option D, it may be followed by another domestic clearing code.

Option A must be used whenever possible.

Option D must only be used in exceptional circumstances, ie, when the party cannot be identified by a BIC and when there is a bilateral agreement between the Sender and the Receiver permitting its use. Unless qualified by a clearing system code or an account number, the use of option D may prevent the automated processing of the instruction(s) by the Receiver.

## 10. Field 58a: Beneficiary Institution ✓

### FORMAT

| Option A | [/1!a][/34x] | (Party Identifier) |
| | 4!a2!a2!c[3!c] | (BIC) |
| Option D | [/1!a][/34x] | (Party Identifier) |
| | 4*35x | (Name & Address) |

**PRESENCE**

Mandatory

**DEFINITION**

This field specifies the financial institution which has been designated by the ordering institution as the ultimate recipient of the funds being transferred.

**CODES**

Party Identifier may be used to indicate a national clearing system code.

The following codes may be used, preceded by a double slash '//':

*with option A:*

| AT | 5!n | Austrian Bankleitzahl |
|----|-----|------------------------|
| AU | 6!n | Australian Bank State Branch (BSB) Code |
| BL | 8!n | German Bankleitzahl |
| CC | 9!n | Canadian Payments Association Payment Routing Number |
| ES | 8..9n | Spanish Domestic Interbanking Code |
| FW | without 9 digit code | Pay by Fedwire |
| GR | 7!n | HEBIC (Hellenic Bank Identification Code) |
| HK | 3!n | Bank Code of Hong Kong |
| IE | 6!n | Irish National Clearing Code (NSC) |
| IN | 11!c | Indian Financial System Code (IFSC) |
| IT | 10!n | Italian Domestic Identification Code |
| PL | 8!n | Polish National Clearing Code (KNR) |
| PT | 8!n | Portuguese National Clearing Code |
| RT | | Pay by Real Time Gross Settlement |
| SC | 6!n | UK Domestic Sort Code |
| ZA | 6!n | South African National Clearing Code |

# Exhibit 5



Read Mail  Compose  Search Email  Calendar  Addresses  Folders  Settings  Help  Logoff

**From:** John Foudy <jfoudy@rnrlawgroup.com>          **Sent:** Fri Sep 28 17:41

**To:** "fmcnamara@cardillocorbett.com" <fmcnamara@ca ...          **Priority:** Normal

**Cc:** "ldavies@tisdale-law.com" <ldavies@tisdale-la ...

**Subject:** RE: Belarussian Shipping Co. v. Wajilam Exports          **Type:** Text
(Singapore) Pte. Ltd./07 Civ 3152

Reply

Reply All

Forward

Delete

Address Book

Print

Block Sender

View Headers

Next

Previous

Dear Counsel:

Here are the details for the 3 wires.

a) Ref - GSMOS USN320070830IF672089 and Source 1070830339693000AOR

---Receive Notification ------------------------------------------

¢031!02 20070830 0914 PDM:1 01 Time:155020 SSN:0340892 ISN:000542 OSN:018545

¢221! Participant Number:0509 Bene Type:B

¢260! Amount: $78,655.02

¢270! PSN:000542

¢320! Sending Bank Reference #:0404707IM0000080

¢321! Related Bank Reference #:00001ECG0706524

¢420!-BNF- Key:C064920

¢427!-BNF- UID:C064920 DDA:

SWID:BBNPASGSG

BNP PARIBAS SINGAPORE 20 COLLYER QUAY HEX 01-01 TUNG CTR.

SINGAPORE 049319, SINGAPORE

¢502!-ORG- D00999900004047 STATE BANK OF INDIA 4047

SPECIALISED COMM BRANCH KARNAL KARNAL HARYANA 132 001

INDIA

¢650!REM:KAITHAL TIMBERS PVT LTD.,SADAR BAZAR KARNAL, PUR:IMPORT BILL PYMT.

BNF:WAJILAM EXPORTS SINGAPORE P LTD OUR REF:OPS/PNR/07/9546

b) Ref - GSMOS USN320070830IF669237 and Source 1070830332783000AOR

---Receive Notification ------------------------------------------

¢031!02 20070830 0914 PDM:1 01 Time:160606 SSN:0342865 ISN:000570 OSN:018761

¢221! Participant Number:0509 Bene Type:B

¢260! Amount: $62,381.37

¢270! PSN:000570

¢320! Sending Bank Reference #:0404707IM0000077

¢321! Related Bank Reference #:00001ECG0706526

¢420!-BNF- Key:C064920

¢427!-BNF- UID:C064920 DDA:

SWID:BBNPASGSG

BNP PARIBAS SINGAPORE 20 COLLYER QUAY HEX 01-01 TUNG CTR.

SINGAPORE 049319, SINGAPORE

¢502!-ORG- D00999900004047 STATE BANK OF INDIA 4047

SPECIALISED COMM BRANCH KARNAL KARNAL HARYANA 132 001

INDIA

¢650!ORG:DYAL TIMBER STORE SADAR BAZAR K ARNAL PURPOSE:IMPORT BILL PYT BNF-

WAJILAM EXPORTS SINGAPORE P LTD.


c) Ref - GSMOS USN320070830IF672097 and Source 1070830339714000AOR

---Receive Notification -----------------------------------------

¢031!02 20070830 0914 PDM:1 01 Time:155106 SSN:0341029 ISN:000546 OSN:018558

¢221! Participant Number:0509 Bene Type:B

¢260! Amount: $163,644.14

¢270! PSN:000546

¢320! Sending Bank Reference #:0404707IM0000081

¢321! Related Bank Reference #:00001ECG0706617

¢420!-BNF- Key:C064920

¢427!-BNF- UID:C064920 DDA:

SWID:BBNPASGSG

BNP PARIBAS SINGAPORE 20 COLLYER QUAY HEX 01-01 TUNG CTR.

SINGAPORE 049319, SINGAPORE

¢502!-ORG- D00999900004047 STATE BANK OF INDIA 4047

SPECIALISED COMM BRANCH KARNAL KARNAL HARYANA 132 001

INDIA

¢650!REM:BHAGWATI TRADING CO.SADAR BAZAR KARNAL, PUR:IMPORT BILL PYMT.

BNF:WAJILAM EXPORTS SINGAPORE P LTD OUR REF:OPS/PNR/07/9545

-----Original Message-----
From: Frank Mcnamara
[fmcnamara@cardillocorbett.com',",",'1')">fmcnamara@cardillocorbett.com]
Sent: Thursday, September 27, 2007 7:48 PM
To: 'John Foudy'
Cc: ldavies@tisdale-law.com
Subject: RE: Belarussian Shipping Co. v. Wajilam Exports (Singapore) Pte. Ltd./07 Civ 3152

Dear John,

Thanks for the records on the three involved attachments. However, the records appear to be abstracts from the wire transfer instructions, not the instructions themselves which contain substantially more information. Would you please ask your client to print those out and send them to me and Lauren.

Regards,

Frank McNamara

Francis H. McNamara
Cardillo & Corbett
29 Broadway, Suite 1710
New York, NY 10006
212-344-0464 Phone
212-797-1212 Fax
www.cardillocorbett.com

The information contained in this e-mail message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please notify us immediately by e-mail at <fmcnamara@cardillocorbett.com',",",'1')">fmcnamara@cardillocorbett.com> or telephone (212) 344-0464. Thank you.

-----Original Message-----
From: John Foudy [jfoudy@rnrlawgroup.com',",",'1')">jfoudy@rnrlawgroup.com]
Sent: Thursday, September 27, 2007 12:07 PM
To: 'fmcnamara@cardillocorbett.com'
Cc: 'ldavies@tisdale-law.com'

Subject: RE: Belarussian Shipping Co. v. Wajilam Exports (Singapore)
Pte. Ltd./07 Civ 3152

Dear Frank:

The records I have are attached. Records concerning the claimed underlying
letter of credit transactions are not in my client's possession or control.

Regards

John Foudy
Rosner, Nocera, & Ragone, LLP
110 Wall Street, 23rd Floor
New York, NY 10305
212-635-2244


-----Original Message-----
From: Frank Mcnamara
[fmcnamara@cardillocorbett.com','','','1')">fmcnamara@cardillocorbett.com]
Sent: Wednesday, September 26, 2007 8:57 PM
To: jfoudy@rnrlawgroup.com
Cc: ldavies@tisdale-law.com
Subject: Belarussian Shipping Co. v. Wajilam Exports (Singapore) Pte.
Ltd./07 Civ 3152

Dear John,

I represent BNP Paribas, Singapore who, although not a party to the
referenced suit, finds that its funds have been attached in that action.
The funds are reimbursements by the letter of credit bank--State Bank of
India-- to BNP Paribas who had previously negotiated the letter of credit
with the defendant. BNP Paribas intends to move to have the attachments
vacated, and in that connection will want to show to the court the wire
transfer instructions, which will be either SWIFT type 102 or CHIPS type B,.
i.e., financial institution to financial institution transfers.

The three attachments involved are for the following amounts: $163,644.14;
$62,381.87 and $78,655.02.

Please ask your client to send to you the copies of the wire transfer
instructions and then forward the copies to myself and Lauren Davies who
represents the plaintiff.

Thank you for your cooperation.

Regards,

Frank McNamara


Francis H. McNamara
Cardillo & Corbett
29 Broadway, Suite 1710
New York, NY 10006
212-344-0464 Phone
212-797-1212 Fax
www.cardillocorbett.com


9/28/2007 7:24 PM

The information contained in this e-mail message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please notify us immediately by e-mail at <fmcnamara@cardillocorbett.com',",",'1')">fmcnamara@cardillocorbett.com> or telephone (212) 344-0464. Thank you.

Folders  User Profile  Logoff

# Exhibit 6



**CHIPS**
*The Clearing House Interbank Payments System*

Contact Us | Login

■ **Home** ■ **About CHIPS** ■ **Financial Institutions** ■ **Corporations** ■ **Press** ■ **Reference** ■ **UID Search**

<< Back to UID Search

### CHIPs UID Search Results

Information Current as of : **01/09/2008**

#### All UIDs beginning with bnp paribas in SINGAPORE

*Click on UID Number to see CHIPS Participants attached*
*(UIDs denoted by '*' are corporate accounts and cannot be expanded)*

| UID | BIC/SWIFT | Name and Address |
|-----|-----------|------------------|
| 064920 | BNPASGSG | BNP PARIBAS SINGAPORE<br>20 COLLYER QUAY HEX 01-01 TUNG CTR.<br>SINGAPORE 049319, SINGAPORE |

<< Back to UID Search

© 2008. The Clearing House Payments Company L.L.C.

# Exhibit 7



**BNP PARIBAS**
CORPORATE & INVESTMENT BANKING

**SINGAPORE**
Trade Services Center
20 Collyer Quay, Tung Centre
Singapore 049319
Tel: (65) 6210 1288 Fax: (65) 6224 3459
Telex: Nabapar RS 24315 / RS 23424
Swift: BNPASGSG



Date : 08th Oct 2007

Wachovia Bank NA
New York International Branch
New York
U.S.A.
Attn: COLL SCOTT CUSTOMER CARE

Re :    Blockage of Funds

| Your ref | Bill Amount | Our Ref |
|---|---|---|
| WACPA0724310103 | USD62,381.87 | 00001ECG0706526 |
| WACPA0724310099 | USD78,655.02 | 00001ECG0706524 |
| WACPA0724310097 | USD163,644.14 | 00001ECG0706617 |

Further to our swift message of 8th October, 2007 (copy enclosed for your easy reference), we enclose copies of the documentation evidencing our purchase of the export bills to which the attached amounts relate.

We look forward to your immediate release of the above amounts under the above 3 bills due and owing to us.

Yours Faithfully
BNP Paribas, Singapore