UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
BELARUSSIAN SHIPPING CO.,               :
                        Plaintiff,    :

          -against-                       :

WAJILAM EXPORTS SINGAPORE               :
PRIVATE LIMITED a/k/a WAJILAM
EXPORTS PTE. LTD.,                      :

                    Defendant.    :
------------------------------------------------------x

EFC CASE

07 Civ. 3152 (GEL)

**DECLARATION OF ALVIN ONG**

        I, **ALVIN ONG**, hereby declare:

        1. I am a Senior Relationship Manager, Corporates, of BNP Paribas, Singapore Branch ("the Bank"), at the Bank's offices at 20 Collyer Quay, #01-01Tung Centre, Singapore 049319, and am personally familiar with the facts stated herein. This declaration is submitted in support of the Bank's motion for release of its funds in the amount of $410,593.56, because the funds attached by plaintiff are the Bank's property, and are not the property of the defendant ("Wajilam").

        2. I also submit this declaration in support of the Bank's request that the Court's attachment order be amended to prevent further mistaken attachments in this case of the Bank's funds passing through intermediary banks in New York, and to request that the Bank's legal costs and loss of interest on the funds attached be granted to the Bank.

        3. Wajilam has been a customer of the Bank for approximately 18 years. The Bank has purchased export documents from Wajilam in many transactions involving sales by Wajilam of shiploads of logs to buyers, who have arranged for payment of the sale price through letters of credit. The letters of credit typically provide for payment to

Wajilam by the banks which issued them several months after acceptance by such banks of the shipping documents required under the letters of credit.

4. During 2007 the Bank purchased export documents from Wajilam in six transactions (among others) which relate to the attached funds. Copies of the Bank's documents reflecting these six transactions are annexed hereto as Exhibits 1 through 6.

5. As the annexed Exhibits show, in each transaction Wajilam delivered to the Bank the export documents and the buyer's letter of credit issued by State Bank of India (five transactions) and State Bank of Saurashtra (one transaction) ("the Issuing Banks"). The Bank purchased the export documents from Wajilam by crediting Wajilam's account at the Bank for the amount shown in the letter of credit, less fees and charges and the interest on the letter of credit amount.

6. Directly after purchase of the export documents (but sometimes before) the Bank sent the export documents to the Issuing Banks with instructions to pay the letter of credit amount to the Bank at its account at Wachovia Bank in New York.

7. In all six cases the Issuing Banks accepted the documents and the payment instructions, and agreed to pay the Bank on the dates specified in the letters of credit, which, in all instances, were several months after the relevant Issuing Bank's acceptances.

8. However, the six wire transfers representing payments totaling $410,593.56 by the Issuing Banks to the Bank for these transactions have been stopped by mistake at the intermediary bank in New York, viz., Wachovia Bank, pursuant to an attachment order against the property of Wajilam.

2

9. As stated, the attached funds do not belong to defendant Wajilam. Rather, they are the exclusive property of the Bank, in consequence of the prior discount purchases by the Bank and the acceptances by the Issuing Banks.

10. I understand that the intermediary bank stopped the six wire transfers because Wajilam's name happens to appear on them, despite the fact that the texts of the wire transfers plainly show the Bank as the beneficiary of the funds.

11. The Bank has done other discount purchase transactions with Wajilam subsequent to the six involved in this case, and may do additional transactions with Wajilam in the future. The wire transfer payments for those transactions, which are in U.S. dollars, will most likely be stopped at intermediary banks in New York if they happen to reference Wajilam, unless the Court's order of attachment is amended to permit free passage of those funds to the Bank.

12. The Bank, therefore, respectfully requests the Court to order the release of the funds referred to in Exhibits 1-6 hereto, to appropriately amend its attachment order to ensure that further attachments of the Bank's funds do not occur, and to grant to the Bank its legal costs and lost interest.

Pursuant to 28 USC § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on the 11th day of January, 2008, in Singapore.

_____
ALVIN ONG

3