UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BELARUSSIAN SHIPPING CO., :
: 07 CV 3152 (GEL)
Plaintiff, : ECF CASE
:
- against - :
:
WAJILAM EXPORTS (SINGAPORE) :
PRIVATE LIMITED a.k.a. WAJILAM :
EXPORTS PTE. LTD., :
:
Defendant. :
------------------------------------------------------X

### AFFIDAVIT OF THOMAS L. TISDALE IN SUPPORT OF BSC'S MEMORANDUM IN OPPOSITION TO BNP PARIBAS OF SINGAPORE'S MOTION TO VACATE MARITIME ATTACHMENT

State of Connecticut  )
                     )   ss: SOUTHPORT
County of Fairfield  )

Thomas L. Tisdale, being duly sworn, deposes and says:

1.  I am a member of the bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's memorandum in opposition to BNP Paribas of Singapore's ("BNP") motion to vacate and amend the ex parte order for process of maritime attachment.

2.  On or about April 19, 2007, Plaintiff filed a Verified Complaint which included a prayer for this Court to issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to Wachovia Bank.

—1—

3. On or about April 19, 2007, this Court issued the ex parte order for process of maritime attachment ("Ex Parte Order") and on April 20, 2007, Plaintiff duly served the order on the garnishee banks, including but not limited to Wachovia Bank ("Wachovia").

4. Since April 20, 2007, Plaintiff has served the Ex Parte Order and accompanying writ of maritime attachment on the garnishee banks every day.

5. As Plaintiff's claim is not yet fully secured, Plaintiff continues to effect daily service of the Ex Parte Order and accompanying writ of maritime attachment on the garnishee banks.

6. Between August 3, 2007 and October 23, 2007, Wachovia Bank attached six electronic funds transfers ("EFTs") totaling $410,591.08 pursuant to the ex parte order for process of maritime attachment ("Ex Parte Order").

7. On or about May 15, 2007, Wachovia Bank notified the Plaintiff that they had attached $19,338.84 and on or about May 24, 2007 Wachovia Bank notified the Plaintiff that a further $40,141.56 had been attached pursuant to the Ex Parte Order.

8. Shortly after the funds were attached, BNP's counsel contacted Plaintiff's Counsel and stated that if the funds were not released immediately, costly motion practice would ensue.

9. Lauren C. Davies, an attorney at Tisdale Law Offices, then contacted BNP's Counsel and explained that Wajilam retained a cognizable property interest in these funds pursuant to the Second Circuit's expansive definition of property.

10. After due consideration, research and consultation with our clients, we agreed to release the $19,338.84 and $40,141.56 as such a small amount of security was not worth engaging in motion practice to keep.

11. These funds were released only for the foregoing reason. At no time did Plaintiff consider that these or similar funds were outside the scope of the Ex Parte Order.

12. Attached hereto as Exhibit 1 is a true and correct copy of the Terms and Conditions to Wajilam's application to BNP for Discount Financing

13. The Terms and Conditions to Wajilam's application to BNP for Discount Financing which clearly establish Wajilam's obligation to defend, indemnify and hold harmless BNP, and to reimburse BNP in the event that BNP does not receive payment in full under those letter of credit transactions.

14. Attached hereto as Exhibit 2 is a true and correct copy of Judge Stein's decision in *Aifos Trade S.A. v. Midgulf Int'l Ltd.*, 06 Civ. 203 (SHS)(S.D.N.Y. May 2, 2006).

15. Attached hereto as Exhibit 3 is a true and correct copy of Report and Recommendations of United States Magistrate Judge Theodore H. Katz to The Honorable Lewis A. Kaplan in *Allied Marine Services Ltd. v. LMJ International Ltd.*, 06 CV 3641 (LAK)(THK)(October 23, 2007).

16. Attached hereto as Exhibit 4 is a true and correct copy of the transcript of the September 4, 2007 Rule E(4)(f) Hearing in *Prestigious Shipping v. Agrocorp International*, 07 CV 7101, before The Honorable Colleen McMahon.

Dated: January 28, 2008
Southport, Connecticut

_____
Thomas L. Tisdale

Sworn and subscribed to before me
this 28th day of January 2008

_____
Notary Public