Cardillo & Corbett
Attorneys for Claimant
BNP Paribas of Singapore
29 Broadway
New York, New York 10006
212-344-0464
212-797-1212 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
BELARUSSIAN SHIPPING CO.,          :

                Plaintiff,    :

      -against-                 :

WAJILAM EXPORTS SINGAPORE          :
PRIVATE LIMITED a/k/a WAJILAM
EXPORTS PTE. LTD.,                 :

                Defendant.    :
------------------------------------------------------x

EFC CASE

07 Civ. 3152 (GEL)

**REPLY DECLARATION OF
FRANCIS H. McNAMARA**

         Francis H. McNamara hereby declares:

         1. I am associated with the law firm of Cardillo & Corbett, attorneys for the bank BNP Paribas of Singapore ("BNP"). I offer this reply declaration in support of BNP's request that it be granted its legal costs incurred on the instant motion.

         2. In ¶¶ 7 & 10 of the affidavit of Thomas L. Tisdale, Esq. dated January 28, 2008 ("Tisdale Aff."), and on page 16 of Plaintiff's Memorandum of Law ("MOL"), reference is made to only two attachments in the amounts of $19,338.84 and $40,141.56 which Plaintiff voluntarily released. Actually, Plaintiff voluntarily released a third attachment in the amount of $34,113.92. I believe Plaintiff will not quarrel with that.

         3. In the Tisdale Aff. at ¶¶ 8 & 9, and on page 16 of its MOL, Plaintiff has attempted to explain these releases by references to email and telephonic communications between counsel. In my view, it might have been better for Plaintiff not to have done that, but just left the explanation to an expression of its view of the law and considerations of legal costs. However, untrue references to threats by me to "costly

motion practice" have been made, hence I wish to correct the record.

    4. The first communication was from me to Plaintiff's counsel, Ms. Lauren Davies, by email on April 24, 2007, before any attachments were made in this case. A copy of that message is attached hereto as Exhibit 1. The last sentence in paragraph 1 of Exhibit 1, "Patrick and I have been through this drill before.", referred to the fact that directly after the decision in the *Prime Shipping* case Patrick Lennon, Esq., then a partner in the firm of Tisdale & Lennon who had represented the plaintiff in *Prime Shipping*, had voluntarily released about eight later occurring attachments of negotiation credit payments to banks. However, this process was time consuming and did not avoid the initial disruption of letter of credit payments in which the defendant had no interest.

    5. My hope was that Plaintiff would agree to an amendment to the Court's attachment order excluding credit negotiation payments from its reach. Plaintiff refused to agree.

    6. When the first attachment of a credit negotiation payment to a bank occurred in June I sent the relevant documents to Ms. Davies and asked if her client would agree to release the funds. (See Exhibit 2 hereto). Plaintiff did agree.

    7. In August and September two additional attachments of credit negotiation payments were released by agreement. When three more happened and I passed the relevant transaction documents to Ms. Davies. Unfortunately, she advised me in mid-October that her client would no longer agree to release such funds.

    8. None of my email messages to Ms. Davies contained any statement about litigation or litigation costs.

    9. Ms. Davies and I had several telephone conversations during which I said that it would be a waste of money, for both parties, to fight what I thought was a hopeless case for the Plaintiff. I did not threaten costly motion practice, because I don't practice law in that manner.

10. I have had no conversations with Mr. Tisdale on this case, hence ¶ 8 of the Tisdale Aff. attributing to me a statement threatening "costly motion practice" is inaccurate hearsay.

Pursuant to 28 USC § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on the 1st day of February, 2008.

FRANCIS H. McNAMARA

# Exhibit 1

**Frank Mcnamara**

| | |
|---|---|
| From: | Frank Mcnamara [fmcnamara@cardillocorbett.com] |
| Sent: | Tuesday, April 24, 2007 2:08 AM |
| To: | 'ldavies@tisdale-lennon.com' |
| Cc: | 'plennon@tisdale-lennon.com' |
| Subject: | Belarussian Shipping v. Wajilam Exports/07 cv 3152 |

Dear Ms. Davies,

I represent the defendant and ask that you and Patrick consider and reply to me on the following three points:

1. My client tells me that there will be wire transfers passing through New York bearing its name. However, these will all be payments to beneficiary financial institutions (not to the defendant) under previously negotiated letters of credit. These wire transfers will be identified as either SWIFT type 202 or CHIPS type B transfers, which means that they are bank to bank transfers where the beneficiary is a financial institution. Patrick and I have been through this drill before.

My request is that the attachment order be appropriately amended to provide that it does not apply to SWIFT 202 and CHIPS B wire transfers, and that such transfers not be stopped. Because Judge Lynch may not have signed the order I will try to arrange an emergency conference call with chambers tomorrow a.m. If you have not yet submitted the order we should talk before you do so. In addition, the attached letter will be delivered to chambers tomorrow morning.

2. My client also tells me that the claim comes as a shock. Wajilam is unaware of any claim by your client of this magnitude, although they are aware that your client will claim for alleged stevedore damages to the vessel. However, Wajilam understands that under the charter party those claims do not ripen until the repairs have been made. In any case, please send to me an itemization of the claims comprising the $1,199,566.10 principal amount.

3. Further, the claims as stated in para. 8 of the complaint seem to be unaccrued indemnity claims, in part.

Yours sincerely,

Frank McNamara


ltr to Lynch, J..tif

Francis H. McNamara
Cardillo & Corbett
29 Broadway, Suite 1710
New York, NY 10006
212-344-0464  Phone
212-797-1212  Fax
www.cardillocorbett.com

The information contained in this e-mail message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please notify us immediately by e-mail at <mailto:fmcnamara@cardillocorbett.com> or telephone (212) 344-0464. Thank you.

# CARDILLO & CORBETT

ROBERT V. CORBETT  
CHRISTOPHIL B. COSTAS  
TULIO R. PRIETO  
JAMES P. RAU

29 BROADWAY  
NEW YORK, NY 10006  
(212) 344-0464

FRANCIS H. McNAMARA  
COUNSEL

JOSEPH CARDILLO, JR.  
(1913-1980)

FAX: (212) 797-1212/509-0961  
E-MAIL: CC@CARDILLOCORBETT.COM

April 24, 2007

Hon. Gerald E. Lynch  
United States District Judge  
United States Courthouse  
500 Pearl Street, Room 910  
New York, New York 10007

BY HAND

RE:  Belarussian Shipping Co. v.  
Wajilam Exports (Singapore) Pte. Ltd.  
07 civ. 3152  
Our File: E-370-3

Dear Judge Lynch:

      We represent defendant Wajilam Exports (Singapore) Pte. Ltd. and appear specially on their behalf on an emergency basis for the reasons stated below.

      Plaintiff is seeking an order of attachment of the property of defendant pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims to the Federal Rules of Civil Procedure in the amount of $1,649,265.40. The target of the attachment will be international electronic funds transfers passing through banks within this district.

      Several wire transfers containing defendant's name will pass through banks in the district during the coming weeks and months. Each transfer will be from a foreign bank, as originator, to another foreign bank, as beneficiary. In short, the funds will not be the property of defendant, but because defendant's name will be on the wire transfer (albeit for reference only), the funds will be stopped by the intermediary banks' computers, unless the order of attachment provides otherwise. Such transfers do contain information identifying them as "bank to bank", hence an attachment order can be appropriately drafted to exclude them.

      The transfers in question will be payments made by banks under their letters of credit to negotiating banks which previously paid the credits to the defendant. In other words, the defendant received payment months ago from the negotiating bank, which thereby became entitled to reimbursement from the bank which issued the letter of credit. That such letter of credit

proceeds are not the property of the defendant and therefore not subject to attachment was decided in *Prime Shipping Company Ltd. v. Wajilam Exports (S) Pte. Ltd.*, 06 Civ. 1183 (SDNY May 31, 2006, Rakoff, J.), a copy of which is enclosed for the Court's ease of reference.

If bank to bank transfers are not excluded from the attachment order, several wrongful attachments will occur. That will seriously embarrass defendant's relationship with the negotiating banks and will involve the legal cost of unwinding the several attachments which, based on past experience, will take several days for each attachment. We refer to past experience, because counsel for plaintiff in this case also represented the plaintiff in *Prime Shipping*, and has participated with us in the unwinding of numerous other, identical wrongful attachments since that case. In other words, enough is enough.

Accordingly, we respectfully request that the order of attachment not be issued until it excludes bank to bank wire transfers.

We further respectfully request that the order of attachment not be issued at all, because it appears not state a valid *prima facie* admiralty claim, at least in part, but rather an unaccrued indemnity claim for liability to third parties (see the verified complaint, para. 8).

We are available for a conference at the Court's convenience.

Respectfully yours,

CARDILLO & CORBETT

By _____
Francis H. McNamara

FHM:lf
Enc.

cc: Tisdale & Lennon

2

# Exhibit 2

**Frank Mcnamara**

---

| | |
|---|---|
| From: | Frank Mcnamara [fmcnamara@cardillocorbett.com] |
| Sent: | Tuesday, June 26, 2007 8:16 PM |
| To: | 'ldavies@tisdale-law.com' |
| Subject: | Belarussian v. Wajilam/07cv03152 |

Dear Lauren,

    Attached are documents showing that the $34,113.92 attached at AEB on/about June 20 are the property of our client Indian Bank, by virtue of an L/C negotiation done by Indian Bank, Singapore, in March. The funds were on the way from State Bank of India--the L/C issuing bank--to Indian Bank's account at AEB when attached.

    I also enclose a copy of Judge Rakoff's decision in Prime v. Wajilam where the L/C negotiation matter was addressed in relation to a Rule B attachment. After this decision Prime effected many other attachments of L/C negotiation reimbursement funds, which were released after documents essentially identical were submitted to Patrick Lennon.

    Perhaps the L/C negotiation issue does not involve the assignment concept, but rather is rooted in UCP 500 where all banks which incorporate that protocol into their L/Cs agree with each other that payments under an L/C are due directly to the negotiating bank as a "reimbursement". However, assignment theory would get us to the same place--the funds are the property of Indian Bank.

    Please advise whether your client will agree to instruct AEB to release the funds and allow them to go forward in accordance with the original wire transfer instructions.

                              Best regards,


LC Negotiation Documents.tif

                              Frank McNamara


Prime v. Wajilam Decision.tif

Francis H. McNamara
Cardillo & Corbett
29 Broadway, Suite 1710
New York, NY 10006
212-344-0464  Phone
212-797-1212  Fax
www.cardillocorbett.com

The information contained in this e-mail message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please notify us immediately by e-mail at <mailto:fmcnamara@cardillocorbett.com> or telephone (212) 344-0464. Thank you.